UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MONA WOODS, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, D. B. W.** | * | **DOCKET NO. 07-0926** |
| **VERSUS** | * | **JUDGE JAMES** |
| **G.B. COOLEY HOSPITAL FOR RETARDED CITIZENS, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court are the following motions, a "Motion to Dismiss" [doc. # 16] filed by defendant, G. B. Cooley Hospital Service District ("Cooley") and a "Motion to Dismiss for Lack of Subject Matter Jurisdiction, on Grounds of Eleventh Amendment Immunity, and for Failure to State a Claim Upon Which Relief Can Be Granted" filed by defendants, State of Louisiana, Department of Health and Hospitals and State of Louisiana, Department of Social Services [doc. # 21]. The motions were referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A). For reasons assigned below, it is recommended that Cooley's motion be DENIED, and that the state agencies' motion be GRANTED.

### BACKGROUND

In February 2004, Mona Woods admitted her ten year old son, D.B.W., to Cooley -- a residential facility for persons with developmental needs, located in West Monroe, Louisiana. (Affidavit of Ben Pitts, Cooley M/Dismiss, Exh. A, A-1).[1] Tragically, while at the facility, D.B.W. was allegedly subjected to sexual batteries purportedly committed by Cooley employee and "Qualified Mental Retardation Professional," Freddie Staten. (Complaint, ¶ X). The acts

---

[1] At the time, D.B.W. had been exhibiting aggressive and violent behavior toward his mother. (Cooley M/Dismiss, Exh. A-3).

continued through June 8, 2006. *Id*. at ¶ XXXV.

On May 31, 2007, Mona Woods filed the above-captioned suit individually, and on behalf of her minor son, D.B.W. in the United States District Court for the Western District of Louisiana. Made defendants were the State of Louisiana, Department of Health and Hospitals ("DHH"); the State of Louisiana, Department of Social Services ("DSS"); the Ouachita Parish Police Jury; Cooley (incorrectly named, G.B. Cooley Hospital for Retarded Citizens); the Ouachita Parish Hospital Service District; Sharon Gomez; and Freddie Staten. (Compl., ¶ I). Woods seeks compensatory damages pursuant to 42 U.S.C. § 1983 and exemplary damages under Louisiana Civil Code Article 2315.7. *Id*. at ¶¶ XXXIII, *et seq*.

On August 2, 2007, defendant, Cooley, filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). On August 6, 2007, the defendant state agencies, DHH and DSS, filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(1)&(6). Following delays for briefing, the matter is now before the court.

## LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an

action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)(citation omitted). An action may be dismissed for lack of subject matter jurisdiction on any one of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

As set forth above, plaintiff contends that defendants violated 42 U.S.C. § 1983. (Compl., ¶¶ XXXIII-XXXIV). Thus, plaintiff invokes federal subject matter jurisdiction via federal question, 28 U.S.C. § 1331. (*See*, Civil Cover Sheet). "The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998)(citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)). Moreover, once federal question jurisdiction is determined as to one claim, the district court may exercise supplemental jurisdiction over sufficiently related claims against additional claims and parties. 28 U.S.C. § 1367.

To prevail under § 1983, a plaintiff must establish (1) a violation of rights secured by the

Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 995) (quoted source omitted). Cooley concedes that it is a "state" actor for purposes of 42 U.S.C. § 1983. In addition, plaintiff asserts that defendant Freddie Staten committed the alleged batteries while performing his duties as an employee of Cooley. (Compl., ¶¶ IX-X). In other words, plaintiff has alleged a "real nexus" between Staten's alleged deprivation of D.B.W.'s constitutional rights and his duties at Cooley, such that Staten's actions can be fairly said to have been committed under color of state law. *See, Doe v. Taylor ISD*, 15 F.3d 443, 452 n4 (5th Cir. 1994) (*en banc*); *contrast, Doe v. Hillsboro ISD*, 113 F.3d 1412, 1415-1416 (5th Cir. 1997) (*en banc*) (plaintiffs did not urge that school employee acted under color of state law).

The principal thrust of Cooley's motion is that plaintiff cannot demonstrate the deprivation of a federally protected right. However, as early as 1981, the Fifth Circuit has held that "[t]he right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." *Doe v. Taylor ISD*, 15 F.3d at 450-451 (quoting *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981)). Likewise, physical sexual abuse of a school child by a public school teacher constitutes a deprivation of a liberty interest cognizable under the substantive due process prong of the Fourteenth Amendment. *Id*. *A fortiori*, the physical abuse of a special needs minor while in the *24-hour per day* care of a state actor treatment facility, by an employee of that facility, is a deprivation of a constitutionally protected right.[2] Accordingly, at a minimum, plaintiff has alleged a colorable § 1983 claim

---

[2] Cooley contends that *Doe v. Taylor ISD,* is inapposite because Cooley is not a school. However, the amount of autonomy relinquished by minors admitted to a *residential* treatment facility is much greater than the temporary transfer of authority that occurs during the limited

against defendant Staten arising under the court's original jurisdiction, 28 U.S.C. § 1331. The court may exercise supplemental jurisdiction over the remaining claims and parties that form part of the same case or controversy. 28 U.S.C. § 1367. It is therefore recommended that the motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim filed by G.B. Cooley Hospital Service District be DENIED.

The defendant state agencies, DHH and DSS, seek dismissal *inter alia* on the basis of Eleventh Amendment immunity. It is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted).
The Eleventh Amendment bars suits for both money damages and injunctive relief against a state

---

hours that a child attends a day school. *See, Walton v. Alexander*, 44 F.3d 1297, 1305 (5th Cir. 1995) (*en banc*) (autonomy relinquished at residential school); *Doe v. Hillsboro ISD*, 113 F.3d 1412, 1415 (5th Cir. 1997) (*en banc*) (at day school, custody by the state actor is intermittent and the student returns home each day; parents remain the primary source for the basic needs of their children). There is no plausible basis for affording less constitutional protection to minor residents of treatment facilities acting under color of state law than that accorded to minor school children who are molested by public school employees.

Cooley also relies upon *Monahan v. Dorchester Counseling Center, Inc.*, 961 F.2d 987 (1st Cir. 1992). However, *Monahan* did not involve affirmative acts of violence upon a minor by employees of the state actor, and in any event, is not governing authority in this circuit.

Cooley further contends that in cases such as the one at bar, involuntary restraint of the victim by the state actor is required to trigger the protections of the Due Process Clause. *See, DeShaney v. Wnnebago County Dep't of Social Services*, 489 U.S. 189, 109 S.Ct. 998 (1989). However, the focus of *DeShaney* was whether a state could be held constitutionally responsible for the actions of a *private* actor. *Doe v. Taylor*, 15 F.3d at 451 n3. "*DeShaney* does not suggest that individuals, whether 'under the state's care' or not, have no due process rights against an offending *state* actor." *Id.* (emphasis added).

Finally, Cooley argues that it would be "absurd" to afford a constitutional remedy under the facts of this case. (Reply Memo., pg. 4). However, the instant outcome is compelled by Fifth Circuit precedent.

5

entity. *Id*. It also precludes state law claims brought against the State and its departments in federal court. *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).

DHH (f/k/a Department of Health and Human Services) and DSS are arms of the State entitled to Eleventh Amendment immunity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999) (suggesting that all Louisiana executive departments enjoy 11th Amendment Immunity); *Beyard v. Caddo Parish Com'n*, Civil Action Number 06-2296, 2007 WL 1741970 (W.D. La. 4/27/07) (citing *Johnson v. Easley*, 2003 WL 203103 (E.D. La.2003); *Brown v. Foti*, 1996 WL 271639 (E.D. La. 5/21/1996); and *Daigle v. Louisiana Dept. of Social Services*, 2002 WL 126647 (E.D. La. 1/31/2002).[3] Accordingly, the court lacks jurisdiction to proceed against them. *Warnock v. Pecos County, Tex.*, 88 F.3d 341 (5th Cir. 1996) (citing Fed.R.Civ.P. 12(b)(1)).[4]

For the reasons set forth above,

IT IS RECOMMENDED that defendant, G. B. Cooley Hospital Service District's "Motion to Dismiss" [doc. # 16] be DENIED.

IT IS FURTHER RECOMMENDED that defendants, State of Louisiana, Department of

---

[3] Plaintiff seems to argue that the Louisiana Constitution waives immunity enjoyed by the state and its agencies. *See*, La. Const. Art. XII, § 10(A). However, subsection (c) of the foregoing section delegated authority to the legislature to establish procedures for suits against the state and its agencies. *Id*. at § 10(C). Resulting legislation provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana *state* court." La. R. S. 13:5106(A) (emphasis added).
Plaintiff further argues that it is "hornbook law" that a citizen may assert claims for constitutional violations against a state. If so, the "hornbook" would appear to conflict with the Fifth Circuit pronouncement that § 1983 does not override Eleventh Amendment immunity. *See, Darlak, supra*.

[4] Having determined that the defendant state agencies are entitled to Eleventh Amendment immunity, the court need not reach defendants' alternative bases for dismissal.

Health and Hospitals and State of Louisiana, Department of Social Services' motion to dismiss for lack of jurisdiction on the basis of Eleventh Amendment immunity [doc. # 21] be GRANTED, and that plaintiff's claims against said defendants be DISMISSED, without prejudice. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of August, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE