IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MONA WOODS, INDIVIDUALLY AND ON BEHALF OF HER MINOR SON, D.B.W.** | * | **CIVIL ACTION NO. 07-0926** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **G.B. COOLEY HOSPITAL SERVICE DISTRICT** | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the district court, is a motion to dismiss (Doc. #52) filed by defendant G.B. Cooley Hospital Service District ("Cooley Hospital"). The plaintiffs, Mona Woods and her son D.B.W., oppose the motion. (Doc. #61). For reasons stated below, it is recommended that the motion be GRANTED.

## BACKGROUND

Mona Woods admitted her ten year old son, D.B.W., to Cooley Hospital – an independent subdivision of the State of Louisiana[1] – in February 2004. Cooley Hospital is a residential facility for persons with developmental needs. D.B.W. has moderate mental retardation. While at Cooley Hospital, D.B.W. was allegedly subjected to both physical and sexual abuse committed by Cooley Hospital employees. The plaintiffs brought suit under, *inter alia*, the American With Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq*. and the Child Abuse Prevention and Treatment Act ("CAPTA"), 42 U.S.C. § 5101, *et seq*. (Doc. #45).

---

[1] (Doc. #16-2, p.1).

# LAW AND ANALYSIS

Cooley Hospital seeks dismissal of the plaintiffs' ADA and CAPTA claims. In motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all well-pleaded facts as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Moreover, courts must view the facts in the light most favorable to the plaintiff. *Id.* Motions to dismiss are disfavored, *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), and will be granted "only if the plaintiff[s] can prove no set of facts that would entitle [them] to the relief" sought. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

## I. Plaintiffs' Claims under the ADA

The plaintiffs contend that Cooley Hospital violated Title II of the ADA:

> Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, **or be subjected to discrimination** by any such entity.

§ 12312 (emphasis added). To establish a prima facie case of discrimination under Title II, the plaintiffs must demonstrate: (1) that D.B.W. is a qualified individual within the meaning of the ADA; (2) that he has been excluded from participation in, or has been denied benefits of, services, programs, or activities for which the public entity is responsible, or has otherwise been discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 428 (5th Cir. 1997).

Presuming for purposes of this motion that D.B.W. is a "qualified individual," this court begins its analysis with the second requirement. Plaintiffs do not contend that D.B.W. was

"excluded from participation" or "denied benefits." (Doc. #57, p.5). Instead, they rely on the "subjected to discrimination" language to support their claim. *Id.* Thus, the question presented is whether physical assault and sexual abuse, or the failure to prevent such abuses, constitutes "discrimination" under Title II. If not, the plaintiffs have not alleged - and could not prove - any set of facts that would entitle them to relief under the ADA.

To determine whether the alleged acts can satisfy the second requirement of Title II, the court examines the text of the statute. *See generally Milligan v. Trautman (In re Trautman)*, 496 F.3d 366, 369 (5th Cir. 2007) ("First, we look to the text."). The plain meaning of the text of Title II, however, provides no assistance with this inquiry. Consequently, the undersigned employs the canon *noscitur a sociis* (a word is known by the company it keeps). The canon is prudently used "to avoid the giving of unintended breadth to the Acts of Congress." *Hickman v. Texas (In re Hickman)*, 260 F.3d 400, 403 (5th Cir. 2001). Accordingly, the undersigned interprets "subjected to discrimination" "by reference to the words associated with [it] in the statute." *See United States v. Golding*, 332 F.3d 838, 844 (5th Cir. 2003).

In Title II, the phrase "subject to discrimination" is the third phrase in a list of prohibited actions. Along with "discrimination," Title II also prohibits (i) excluding disabled persons from participation in, and (ii) denying them the benefits of, "services, programs, or activities of a public entity." *See* §12132. Given this context, "subjected to discrimination" should be construed as prohibiting discriminatory acts that prevent persons with disabilities from taking part in "services, programs, or activities of a public entity."

The plaintiffs argue, however, that "discrimination" includes the intentional tortious conduct that was committed after D.B.W. had already been granted access to the service of a

public entity.² This argument, that physical or sexual abuse constitutes "discrimination" under Title II, is an attempt at unduly broadening the scope of the ADA. To hold that such actions can constitute "discrimination" under Title II, would be to turn "subjected to discrimination" into a catch-all phrase that includes any and all objectionable conduct. As the plaintiffs cite no justification for such a broad reading of the statute, this court must conclude that the application is unwarranted. Since the plaintiffs' claim under the ADA is not one for which relief can be granted, it is recommended that the court dismiss the claim.

## II.   Plaintiffs' Claims under CAPTA

Cooley Hospital seeks dismissal of the plaintiffs' claim under CAPTA,³ contending that CAPTA does not provide a private right of action. "Private rights of action to enforce federal laws must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Whether a statute provides a private cause of action is a question of statutory interpretation. *Acara*, 470 F.3d at 570-71. "The judicial task is to interpret the statute . . . to determine whether it displays an intent to create not just a private right but also a private remedy." *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 608 (5th Cir. 2001). "Statutory intent on the latter point is determinative."⁴

---

² The plaintiffs do not allege that the abuse was done with the intent of preventing D.B.W. from receiving the benefits of the service.

³ In the "second supplemental and amending complaint," the plaintiffs contend that the "defendants are liable unto plaintiffs for violating 42 USC §5101 *et seq*." (Doc. #45).

⁴ In *Cort v. Ash*, 422 U.S. 66(1975), the Court laid out a four-factor analysis to determine whether a federal statute creates an implied private right of action. These factors include: (1) whether the plaintiff is one of a class for whose special benefit the statue was enacted; (2) whether there is an indication of legislative intent to create or deny such a remedy; (3) whether such a remedy would be consistent with the underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law. *Id.* at 78. "Particular emphasis has been placed on

*Acara*, 470 F.3d at 571. Plaintiffs have "the relatively heavy burden of demonstrating that Congress affirmatively contemplated private enforcement," and must overcome the "presumption that Congress did not intend to create a private cause of action." *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 521-22 (5th Cir. 2002)).

CAPTA's scope is limited; the legislation consists of several provisions that govern federal funding to the states. CAPTA "requires, *inter alia*, that states have a reporting system for allegations of child abuse or neglect, and a system for prompt investigation of such allegations and for immediate action to protect children who are abused or neglected." *Hilbert S. v. County of Tioga*, No. 3:03-CV-193, 2005 U.S. Dist. LEXIS 29423, at *43 (N.D.N.Y. June, 21 2005); *see* § 5106. CAPTA contains no express language conferring rights upon individuals. In the absence of express language, it is necessary to consider the *Cort* factors to determine whether CAPTA creates a private cause of action.

The first *Cort* factor requires a determination of "whether the plaintiff belongs to an identifiable class of persons upon whom the statute has conferred a substantive right." *Louisiana La. Soc'y v. City of New Orleans*, 85 F.3d 1119, 1123 (5th Cir. 1996). Even if the plaintiffs could demonstrate membership in such a class, "the crucial inquiry remains whether Congress actually intended to create a private remedy." *Casas*, 304 F.3d at 522. None of the provisions of CAPTA, including § 5106 upon which the plaintiffs rely, confer a substantive right on individuals or indicate the intent to create a private remedy. The plaintiffs point to no text, legislative history, or any other source indicating such intent.

---

the second factor and without evidence of congressional intent, a private cause of action cannot be found." *Acara*, 470 F.3d at 571, n.1.

Moreover, "the majority of the courts, including the only appellate courts to address the issue, [have held] that CAPTA does *not* create a private right of action."[5]  *A.S. v. Tellus*, 22 F.Supp. 2d 1217, 1224 (D.Kan. 1998) (emphasis added); *see Doe v. District of Columbia*, 93 F.3d 861, 865 (D.C. Cir. 1996) (holding that § 5106a(b)(2) does not create an enforceable right); *Hilbert S.*, 2005 U.S. Dist. LEXIS 29423, at *13-15 (N.D.NY June, 21 2005) (holding that CAPTA does not provide enforceable rights); *Jordan v. City of Philadelphia*, 66 F.Supp. 2d 638, 648-49 (E.D.Pa. 1999) (holding that "CAPTA clearly does not create a private right of action under 42 U.S.C. § 1983."); *Charlie H. v. Whitman*, 83 F.Supp. 2d 476, 496-97 (D.N.J. 2000) (dismissing a CAPTA claim on Rule 12(b)(6) motion.).

Even in the face of these adverse cases, the plaintiffs provide no authority to support their assertion that a private right of action exists under CAPTA.  Instead, the plaintiffs rely solely on the fact that neither the Fifth Circuit nor the Supreme Court has ruled against their contention. (Doc. #57, p.3).  However, given the aforementioned bases for concluding that CAPTA does not provide a private cause of action, the lack of controlling precedent alone is insufficient to save the plaintiffs' claim.  Thus, the undersigned recommends dismissal of the plaintiffs' CAPTA claims as well.

**For the reasons set out above, the undersigned recommends that defendant G.B. Cooley Hospital Service District's motion be GRANTED, and that plaintiffs' claims brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and the Child Abuse Prevention and Treatment Act 42 U.S.C.§ 5101, *et seq.*, be Dismissed with**

---

[5] The Fifth Circuit has not addressed the issue.  *See Chrissy F. v. Miss. Dep't of V. Public Welfare*, 780 F. Supp. 1104, 1130 (S.D.Miss.1991).

**Prejudice for failure to state a claim on which relief can be granted.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of December, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE