U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 1 2009

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MONA WOODS, ET AL | CIVIL ACTION NO. 07-CV-0926 |
| VERSUS | JUDGE ROBERT G. JAMES |
| G.B. COOLEY HOSPITAL SERVICE DISTRICT, ET AL | MAG. JUDGE KAREN L. HAYES |

## RULING

This is an action brought by Plaintiff Mona Woods, individually and on behalf of her son, D. B. W. ("Woods"), against Defendants G.B. Cooley Hospital Service District ("Cooley"); Sharon Gomez; Ouachita Parish Hospital Service District; Ouachita Parish Police Jury; Freddie Staten; Lois Harris, in her capacity as curator on behalf of the interdict; Christie Jones; Evergreen Presbyterian Ministries, Inc.; Lexington Insurance Company; and Granite State Insurance Company. Woods alleges that D. B. W. was abused by Freddie Staten, a Cooley employee, while D. B. W. resided at Cooley.

Pending before the Court is a "Motion in Limine to Exclude Videotape Deposition of Plaintiff, D. B. W." ("Motion in Limine") [Doc. No. 105] filed by Cooley. Cooley seeks to exclude D. B. W.'s June 17, 2008 videotaped deposition from evidence on the bases that (1) Woods's counsel, Ron Macaluso ("Macaluso"), failed to provide notice that the deposition would be videotaped, in violation of Federal Rule of Civil Procedure 30(b)(3); (2) the videotape was taken by Macaluso's son, in violation of Federal Rule of Civil Procedure 28(c); and (3) the videotape is an

-1-

incomplete depiction of the deposition and does not comply with Federal Rule of Civil Procedure 30(b)(5)(B).[1]

Woods responds that counsel gave notice before the deposition began that it would be videotaped, that the deposition was videotaped because of a concern about D. B. W.'s ability to communicate orally, and that the Federal Rules of Civil Procedure do not require an independent videographer.

For the following reasons, Cooley's Motion in Limine is GRANTED.

I. **BACKGROUND**

On May 19, 2008, counsel for Cooley, Steven Oxenhandler ("Oxenhandler") sent notice to Woods's counsel, Macaluso, of his intent to depose Woods and D. B. W. on June 17, 2008. The notice indicated that the deposition would be transcribed by a court reporter from Donegan, Bartell & Henry. Macaluso received the notice on May 21, 2008.

On June 17, 2008, the depositions of Woods and D. B. W. were held at Macaluso's office. Milton Donegan, Jr., a certified court reporter, transcribed the depositions. Woods was deposed by Cooley's counsel between 9:00 A.M. and 12:30 P.M. Following Woods's deposition, there was a lunch break, and the deposition of D. B. W. was scheduled to begin at approximately 2:00 P.M.

Shortly before D. B. W.'s deposition began, Cooley's counsel, Oxenhandler and Michael O'Shee, and Phillip Myers, counsel for Freddie Staten and Lois Harris, were present in the room where the deposition was to be held. Counsel observed someone setting up a video recorder in the room.

---

[1] In its Reply, Cooley raises, for the first time, the argument that the videotape also improperly shows Woods and counsel for other parties. While the Court notes the impropriety of raising a new argument in a Reply, the Court need not reach this argument.

After D. B. W. and Woods arrived in the conference room, as is captured on the video, Oxenhandler objected to the video recording because of lack of notice. Macaluso asked counsel to step outside the room. Outside the room, Macaluso told all counsel that his son was operating the video recorder and that he intended to videotape D. B. W.[2] Macaluso had taken some steps to conceal the video recorder with a jacket or coat, so that D. B. W. would not be aware that he was on video. D. B. W. has been diagnosed with moderate retardation, attention deficit disorder, and autism, and Macaluso explained that he concealed the video recorder to prevent D. B. W. from acting or playing to the camera.

Although opposing counsel did not consent to the video recording, they proceeded with the deposition, which was completed that day.

On July 31, 2008, Macaluso sent a Request for Admission of Authenticity of Video Recording to counsel for opposing parties in this matter.

On October 23, 2008, Cooley filed the pending Motion in Limine.

On November 18, 2008, after an extension of time, Woods filed an opposition memorandum to the Motion in Limine.

On November 26, 2008, with leave of Court, Cooley filed a Reply in support of its Motion in Limine.

---

[2] John Roa, counsel for the Ouachita Parish Police Jury, and David Bordelon, counsel for Sharon Gomez, attended the deposition by telephone. Until Oxenhandler's objection, counsel attending by telephone were unaware that the deposition was going to be videotaped.

## II. LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 30(b)(3)

Rule 30(b)(3) sets forth the requirements for notice of the type of recording of a deposition and provides as follows:

> **(3) Method of Recording.**
>
> **(A) Method Stated in the Notice.** The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
>
> **(B) Additional Method.** With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

Fed. R. Civ. P. 30(b)(3)(A)-(B). Thus, if any party wishes to use another method for recording the deposition, in addition to that chosen by the party noticing the deposition, he or she must give "prior notice." The rule itself does not specify what constitutes reasonable time for "prior" notice.

In this case, Macaluso had one month between his receipt of the notice of the deposition and the date the deposition took place during which he could have notified Oxenhandler and other counsel of his intention to videotape D. B. W.'s deposition. Then, on the actual day of the depositions, Macaluso was present when Woods was deposed between approximately 9:00 A.M. and 12:30 P.M., but still gave no notice of his intent to videotape D. B. W. during those three and one-half hours. In fact, Macaluso did not tell opposing counsel of his intent until after a lunch break and shortly before D. B. W.'s deposition began at 2:00 P.M. Under these circumstances, the Court

-4-

agrees with Cooley that Macaluso's notice to counsel a few minutes before D. B. W.'s deposition is not the type of "prior notice" contemplated by the rule. Macaluso's failure to provide notice violated Rule 30(b)(3), and the videotape will not be allowed into evidence.

### B. OTHER CONSIDERATIONS

Cooley also contends that Macaluso's conduct violated Federal Rules of Civil Procedure 28(c) and 30(b)(5)(B). Rule 28(c) provides that "a deposition may not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." Fed. R. Civ. P. 28(c). Rule 30(b)(5)(B) provides that, "[i]f the deposition is recorded non-stenographically, the officer must repeat [the officer's name and business address; the date, time, and place of the deposition; and the deponent's name] at the beginning of each unit of the recording medium." Fed. R. Civ. P. 30(b)(5)(B).

Having found that Macaluso failed to give the notice required by Rule 30(b)(3) and that, for this reason, the videotape will not be allowed into evidence, the Court need not reach Cooley's two additional arguments.

However, the Court does make the following observations. First, even if it is appropriate for a party's attorney or that attorney's son to set up a video recorder, it is not the preferred option of this Court. Second, the video in this case is of poor quality, is shot from behind D. B. W., and fails to depict the entire deposition,[3] all of which could have been avoided by the use of a professional videographer.

On the other hand, the Court does not attach any nefarious purpose to Macaluso's attempt

---

[3] For example, when D. B. W. lies down on the floor at one point he cannot be seen.

to conceal the video recorder with a coat or jacket or by having his son block the recorder when the attorneys were out of the room. In fact, the Court finds it both plausible and credible that Macaluso would be concerned that his client, D. B. W., might be distracted or might attempt to "act" for the camera, given his diagnoses.

Finally, there is no indication in the record that counsel attempted to contact the Magistrate Judge or this Court prior to commencing the deposition. From a review of this Court's calendar, the Court was available on that date and could have resolved this issue. In the future, the Court advises counsel to contact the Magistrate Judge or this Court when an issue of this type arises during depositions.

## III. CONCLUSION

For the foregoing reasons, Cooley's Motion in Limine is GRANTED.

MONROE, LOUISIANA, this 20 day of January, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE